Owen, J.
The act which is relied upon to authorize the proceedings below, — 71 O. L. 51, — provides that: “ Any person performing said labor or furnishing said materials, who has not been paid therefor shall serve a notice in writing upon the secretary or other officer or agent of said railroad company, . . . stating in said notice the kind and amount of materials furnished, etc.”
Was the service of a notice upon W. A. Hutchins, a director of the railway company, within the requirement of the foregoing provision ? It will not be questioned, that at the common law, and in the absence of statutory provision on the subject, in order to affect a corporation with the knowledge of a fact on the part of one of its directors, it is necessary that he should have such knowledge while acting officially in the business of the corporation, unless he is acting at the time under some special authority conferred on him other than what he would possess as merely one of the directors.
Was the enactment which is relied upon to sustain this *253 notice, intended to qualify or enlarge this common law rule, or is it simply a statutory declaration of it ?
It seems clear to us, upon both reason and authority, that its design was to facilitate the methods by which the laborers and material-men chiefly affected by it are to secure their claims by charging the companies with them, and is entitled to such reasonable and liberal construction as will best carry out its purpose. Railway Co. v. Cronin, 38 Ohio St. 127; Barnes v. Thompson, 2 Swan (Tenn.) 315; Buck v. Brian, 2 How. (Miss.) 880; Phillips Mech. Liens, § 16. There certainly was a literal compliance with its requirements. When we reflect that “ the corporate powers, business, and property of the [railway] corporations,.must be exercised, conducted, and controlled by the board of directors,” (Sec. 3248, Rev. Stat.), we cannot question that a director of such company is an “ officer” of it.
We are at liberty to suppose, also, that a director of a railway corporation is one who is sufficiently interested in its affairs to see to it that any fact which comes to his notice, affecting his company, will, with promptness, be brought to the knowledge of the latter. To hold that class of persons who are chiefly affected by this provision to a strict rather than liberal construction of it, would tend rather to defeat than to effectuate it. Service of such notice on a director of the railway company was good, although such director did not appear to have been charged with the management of the particular business concerning which his company was sought to be charged.

Judgment affirmed.